UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ARSEN MINASYAN (3),<br><br>  Defendant. | Case No.  20cr0314-MMA-3<br><br>**PRELIMINARY ORDER OF CRIMINAL FORFEITURE** |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant ARSEN MINASYAN (3) ("Defendant"), pursuant to, *inter alia*, Title 18, United States Code, Section 982(a)(1), as charged in the Indictment; and

WHEREAS, on or about December 2, 2020, Defendant pled guilty before U.S. Magistrate Judge Linda Lopez to Count 1 of the Indictment, Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h), which plea included consent to the forfeiture allegations of the Indictment, including an agreement to forfeit to the United States $75,145.90 as a money judgment representing the amount of proceeds Defendant received from the offense and as property involved in the offense, and all properties seized in connection with the case including those set forth below:

//

    a. One (1) ZTE Model F160 cellular telephone with serial number 321803081422;

    b. One (1) Apple iPhone A19 01(X) cellular telephone with IMEI 353044090173338;

    c. One (1) Apple iPhone A19 01(X) cellular telephone with IMEI 359410081139253;

    d. One (1) Apple iPhone 8 cellular telephone with serial number 357209097391201 and SIM card number 89014103271799663487;

    e. One (1) Apple iPhone 8 cellular telephone with serial number 354871091408704 and SIM card number 89014103271129608368;

    f. One (1) AT&T model 40440 cellular telephone with IMEI 014685006009155 and SIM card number 89014102270204878863; and

WHEREAS, on December 17, 2020 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the United States has established the requisite nexus between the forfeitable properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the forfeitable properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the properties which were found forfeitable by the Court; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court hereby finds that $75,145.90 represents the proceeds defendant personally received from the offense and is subject to forfeiture to the United States as property involved in the offense to which he pled guilty, 18 U.S.C. §§ 1956(h), as charged in the Indictment for which a forfeiture money judgment against Defendant shall be entered; and

//

1    WHEREAS, by virtue of said guilty plea and the Court's findings, the
2 United States is now entitled to an Order of Forfeiture in its favor against the
3 Defendant for the $75,145.90 money judgment, and forfeiture of all the listed
4 properties set forth above, pursuant to 18 U.S.C. §982(a)(1) and Rule 32.2(b) of the
5 Federal Rules of Criminal Procedure; and

6    WHEREAS, on or near March 19, 2021, Defendant tendered to the
7 United States a check in the amount of $15,580.00, which amount shall be credited
8 against the $75,145.90 money judgment, leaving an unpaid balance of $59,565.90;
9 and

10   WHEREAS, the Defendant has agreed that the provisions for the substitution
11 of assets as provided in 21 U.S.C. § 853(p) exist and has agreed the United States
12 may take actions to collect the forfeiture; and

13   WHEREAS, the United States, having submitted the Order herein to the
14 Defendant through his attorney of record, to review, and no objections having been
15 received;

16   Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

17   1.    Based upon the guilty plea of the Defendant, the United States is hereby
18 authorized to take custody and control of the following assets, and all right, title and
19 interest of Defendant ARSEN MINASYAN (3) in the following properties are hereby
20 forfeited to the United States pursuant to Title 18, United States Code, Section 982,
21 for disposition in accordance with the law, subject to the provisions of 21 U.S.C.
22 § 853(n):

   a. One (1) ZTE Model F160 cellular telephone with serial number 321803081422;

   b. One (1) Apple iPhone A19 01(X) cellular telephone with IMEI 353044090173338;

   c. One (1) Apple iPhone A19 01(X) cellular telephone with IMEI 359410081139253;

   d. One (1) Apple iPhone 8 cellular telephone with serial number 357209097391201 and SIM card number 89014103271799663487;

1   e. One (1) Apple iPhone 8 cellular telephone with serial number 354871091408704 and SIM card number 89014103271129608368; and

3   f. One (1) AT&T model 40440 cellular telephone with IMEI 014685006009155 and SIM card number 89014102270204878863.

2. The aforementioned forfeited assets are to be held by the United States Secret Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and

//

extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of the specific assets described above, Defendant ARSEN MINASYAN (3) shall forfeit to the United States $75,145.90 in the form of a forfeiture money judgment pursuant to Title 18, United States Code, Section 982(a). Defendant has tendered $15,580.00 for application to the judgment, leaving an unpaid forfeiture money judgment of $59,565.90, which forfeiture is in favor of the United States against Defendant ARSEN MINASYAN (3), with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

9. The $15,580.00 received from Defendant as partial satisfaction of his original money judgment is hereby condemned and forfeited to the United States.

10. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture.

11. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

12. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

//

13.     The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture as to substitute property to satisfy the forfeiture money judgment in whole or in part.

14.     The United States may take any and all actions available to it to collect and enforce the forfeiture.

**IT IS SO ORDERED**.

DATE: April 2, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge