FILED
APR 22 2021
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 20-CR-314-MMA |
|---|---|
| Plaintiff, | |
| v. | ORDER OF RESTITUTION |
| ARSEN MINASYAN (3), | |
| Defendant. | |

IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. §3663A, Defendant ARSEN MINASYAN shall pay restitution in the amount of **$109,834.14** as a result of his conviction for conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Restitution shall be payable to the victims of the offense, as follows:

| **J.P. Morgan Chase Bank**<br>Contact Tar Olloque<br>Chase Bank P.O. Box<br>Westerville, OH 44114 | $89,160.00 |
|---|---|

| | |
|---|---|
| **Navy Federal Credit Union**<br>Contact Ken Emmer<br>820 Follin Lane<br>Vienna, Virginia 22180 | $6,192.80 |
| **Capital One Bank (USA), N.A.**<br>Contact Sara Macskassy<br>1680 Capital One Drive<br>McLean, Virginia 22102-3491 | $4,251.00 |
| **Bank of America, N.A.**<br>Contact Kenneth Smith<br>Atlanta Plaza Building<br>600 Peachtree Street NE<br>Atlanta, GA 30308 | $2,700.00 |
| **Bay Federal Credit Union**<br>3333 Clares Street<br>Capitola, CA 95010 | $1,953.30 |
| **First Community Credit Union**<br>Contact Robbie Henegar<br>PO Box 842132<br>Houston, TX 77284 | $1,575.19 |
| **Ridgewood Savings Bank**<br>Contact Gavin Matranga<br>7102 Forest Avenue<br>Ridgewood, New York 11385 | $1,033.00 |
| **American Eagle Financial Credit Union**<br>Contact Teresa L. Fotta<br>417 Main Street<br>East Hartford, CT 06118 | $960.00 |
| **Silver State Schools Credit Union**<br>P.O. Box 12037<br>Las Vegas, NV 89112-2037 | $951.65 |

| | |
|---|---|
| **Lindell Bank and Trust Co.**<br>6900 Clayton Avenue<br>St. Louis, MO 63139 | $756.00 |
| **Travis Credit Union**<br>9692 Haven Avenue<br>Rancho Cucamonga, CA 91730 | $301.20 |
| Total | $109,834.14 |

2. Pursuant to 18 U.S.C. §3664(i), the distribution to non-government victims shall be made *pro rata*.

3. The Court expressly finds that, pursuant to 18 U.S.C. § 3663A(c)(3), the number of identifiable victims is so large, and determining the complex issues of fact related to the cause and amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to the victims is outweighed by the burden on the sentencing process, that identifying and ordering further restitution to individual victims or financial institutions would be impracticable.

4. Restitution is due and payable immediately. Notwithstanding any other provision of this Restitution Order, the government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

5. During any period of incarceration, the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. Upon release from custody, the defendant shall pay restitution at the rate of $ _100.00_ per month, subject to modification upon further agreement of the parties or order of the court.

6. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment.

7. Liability for restitution pursuant to this Order shall be joint and several with the following co-defendants: Davit Simonyan (1), Vahram Simonyan (2), Gor

Plavchyan (4), and Arsen Galstyan (5). Liability shall be joint and several with co-defendants Mukuch Mkrtchyan (6) and Smbat Shahinyan (7) to the extent of **$140,385.53**, except that any defendant owing more than that amount must first satisfy his excess obligation before his payments will credit against his co-defendant's liability.

8. The defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

9. The Court has determined that the defendant does not have the ability to pay interest. It is ordered that the interest requirement is waived.

10. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution no later than thirty days after the change occurs.

11. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs.

IT IS SO ORDERED.

DATED: 4/21/2021

_____
HON. MICHAEL M. ANELLO
United States District Court